# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Tanagra Andring,

                Plaintiff,      Case No. 14-11086
                                  Hon. Judith E. Levy
v.                                       Mag. Judge Mona K. Majzoub

Allstate Property & Casualty
Insurance Co.,

                Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S [17] MOTION IN LIMINE TO PRECLUDE EVIDENCE OF THE LACK OF CRIMINAL PROSECUTION, DENYING DEFENDANT'S [18] MOTION TO BIFURCATE TRIAL, GRANTING DEFENDANT'S [19] MOTION IN LIMINE TO PRECLUDE EVIDENCE AND MENTION OF OTHER FIRES, AND GRANTING DEFENDANT'S [20] MOTION TO LEAD THE PROOFS AT TRIAL**

This matter is before the Court on four motions in limine filed by defendant Allstate Property & Casualty Insurance Company. The Court held a hearing on the motions on February 19, 2014. Allstate moves (1) to preclude evidence and testimony of the lack of criminal prosecution of plaintiff Tanagra Andring, or of anyone connected to her,

1

for the April 23, 2013 fire at 4505 3rd St., Ecorse, Michigan ("the Property") that gave rise to Andring's claim on her insurance policy with Allstate (Dkt. 17); (2) to preclude evidence of or references to other fires or arson fires in the neighborhood surrounding the property that is the subject of this suit, or in the City of Ecorse, Michigan (Dkt. 19); and (3) to lead the proofs at trial (Dkt. 20). For the reasons discussed below, these three motions will be granted. Allstate further moves (4) to bifurcate the trial in this matter into separate liability and damages phases (Dkt. 18). For the reasons discussed below, this motion will be denied.

## I. Allstate's Motion to Preclude Evidence or Testimony of the Lack of Criminal Prosecution (Dkt. 17)

Allstate moves to exclude any evidence or testimony regarding the lack of criminal prosecution of Andring, or of anyone connected to her, for causing the fire at the Property. Andring concedes that under *Kelly's Auto Parts No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987), "[e]vidence of non-prosecution for arson is inadmissible . . . in a civil case arising out of the same event as the criminal charges."

Andring nonetheless maintains that testimony as to whether or not she is tied to the fire, as well as evidence of the circumstances

surrounding the fire and its investigation, are admissible. (Dkt. 25, Pl.'s Resp. 2.) Allstate responds that fire investigators may testify as to their findings and conclusions regarding the fire, including how the fire was set, but may not testify as to who they believe was responsible for the fire. (Dkt. 29, Def.'s Reply 3-4.) Specifically, investigator or expert testimony that Andring and persons connected to her committed no wrongdoing in connection with the fire, were not suspects in an arson investigation, or were "cleared" as suspects, is inadmissible. (*Id.* at 5.)

Whether or not a person is deemed a suspect in a criminal investigation reflects the degree of proof necessary for a criminal conviction, not for civil liability. "A jury is unaccustomed to evaluating the differing burdens of proof in criminal and civil cases and is also inexperienced in evaluating reasons why a decision may be made not to prosecute." *Kelly's*, 809 F.2d at 1253. Testimony that Andring or persons connected to her were not suspects in an arson investigation, or were cleared as suspects, is therefore inadmissible.

On the other hand, testimony regarding the presence or absence of physical evidence linking Andring, or persons connected with her, to the fire is admissible. Sergeant Scott Douglas, who investigated the fire at

3

the Property for the Ecorse Fire Department, testified at his deposition as follows:

> Q: Is there any way [Andring] could have set this fire in your opinion –
>
> A: I don't know.
>
> Q: – Based on your investigation?
>
> . . . .
>
> A: That – I can't answer that.
>
> Q: Could you put her at the scene?
>
> A: No, I cannot.
>
> Q: So based on that alone there's no way she could have set this fire? You had knowledge that she was living in Florida; isn't that true?
>
> A: That's what I was told.
>
> Q: So how could she have set this fire if she was out of state?
>
> A: That's true.
>
> Q: She couldn't have set it; isn't that true?
>
> A: As far as I know.

(Dkt. 29-2, Ex. B to Def.'s Reply, Douglas Dep. 54.) Douglas' testimony that he could not put Andring at the scene of the fire is admissible, as it reflects the absence of physical evidence connecting Andring to the fire. *See Kelly's*, 809 F.2d at 1254 (finding testimony of fire investigator that

4

no physical evidence linked insured to fire was properly admitted). But Douglas' testimony that, "as far as I know," Andring couldn't have set the fire is inadmissible, as it does not reflect his personal knowledge or expertise. *See id.* The same goes for any opinion testimony by Douglas, or another investigator or expert, as to whether Andring or someone connected to her set the fire.

Allstate's motion is accordingly granted.

## II.  Allstate's Motion to Bifurcate the Trial (Dkt. 18)

Allstate moves to bifurcate the trial into liability and damages phases. Fed. R. Civ. P. 42(b) provides in relevant part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Whether to try issues separately is within the trial court's discretion. *Yung v. Raymark Indus., Inc.*, 789 F.2d 397, 400 (6th Cir. 1986). The court should ground its decision in facts specific to the case, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007). The moving party has the burden of

showing that "separate trials would promote judicial economy while avoiding prejudice to any party." *Stoudemire v. Mich. Dept. of Corrections*, No. 07-15387, 2011 WL 2447992, at *2 (E.D. Mich. June 14, 2011).

Allstate cites expediency and economy as grounds for separate trials here. According to Allstate, if Andring should prevail in the liability phase of trial, the amount of contract damages can easily be resolved by the parties themselves, or by the appraisal process provided for by Mich. Comp. Laws § 500.2833(1)(m). (Dkt. 18, Def.'s Mot. 1, 4.) Moreover, the Court, not the jury, would determine the remaining damages – namely, penalty interest owed Andring, as well as whether Andring is entitled to consequential damages. (*Id.* at 1.) Of course, should Allstate prevail, the damages issue would be moot. In Allstate's view, bifurcation would thus save time and money, and would expedite the trial. (*Id.* at 3-4.) In opposition, Andring merely asserts without elaboration that bifurcation will save neither expense nor time. (Dkt. 26, Pl.'s Resp. 4.)

The Court is not convinced that bifurcation is warranted here. Allstate acknowledges that the amount of contract damages should not

be difficult to resolve. (Dkt. 18, Def.'s Mot. 1.) And it does not appear that extensive witness testimony will be required on the damages issue.

More importantly, the issues of liability and damages are intertwined such that separation of the two could result in prejudice to Andring. Specifically, two of Allstate's affirmative defenses are that Andring did not use the Property as a dwelling at the time of the fire, and that Andring substantially increased the risk to the Property by no longer living there. (Dkt. 5, Amended Ans., Affirmative Defenses 3, 8.) But Andring has testified that she did not return to the Property after the fire because the damage caused by the fire rendered the Property uninhabitable. (Dkt. 15-4, Ex. C to Def.'s Mot. Summ. J., Andring Examination Under Oath 21.) Evidence regarding the extent of damage to the Property should thus be part of the liability phase of a bifurcated trial. This counsels against bifurcation. *See Martin v. Heideman*, 106 F.3d 1308, 1312 (finding bifurcation of trial into liability and damages phases an abuse of trial court's discretion where "the extent of plaintiff's damages was relevant to the question of liability").

Finally, bifurcating the trial runs the risk of creating delay, rather than saving time. If negotiation between the parties over the amount of

7

damages were to fail, the Court would be required to empanel a second jury, adding further time to the litigation.

Allstate's motion will accordingly be denied.

### III. Allstate's Motion to Preclude Evidence of or Reference to Other Fires (Dkt. 19)

Allstate advances three arguments for precluding evidence of or reference to other fires in the neighborhood of the Property and in the City of Ecorse. First, such evidence is irrelevant to plaintiff's claim and should thus be precluded under Fed. R. Evid. 401. Second, such evidence should be precluded under Fed. R. Evid. 403, as its prejudicial effect substantially outweighs its probative value. Third, the evidence of other fires is akin to character evidence and should be precluded by Fed. R. Evid. 404(b).

#### A. Rule 401

Rule 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." This is not a significant hurdle to clear: "The rules regarding relevancy . . . are quite liberal and provide that evidence having *any*

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence is relevant." *Robinson v. Runyon,* 149 F.3d 507, 512 (6th Cir. 1998) (internal quotation marks omitted). "Even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth." *Id.* (quoting *Douglass v. Eaton Corp.,* 956 F.2d 1339, 1344 (6th Cir.1992).

The evidence at issue here is testimony by two of Andring's neighbors, Sarah Derby and Lynne Green. (Dkt. 32, Supp. Ex. [hereinafter "Derby Dep." and "Green Dep."].) Andring does not seek admission of any other evidence of other fires. According to Andring, Derby and Green testified at their depositions that since the fire at the Property, there have been three other fires in the same block of 3rd Street. (Dkt. 27, Pl.'s Resp. 3.) This misrepresents Derby's and Green's testimony. In fact, Derby and Green testified that one fire occurred at a house two doors down from the Property "months before" the fire at the Property, and that one other fire occurred two weeks before Derby's and Green's October 29, 2014 depositions. (Green Dep. 9, 18; Derby Dep.

9

19.) Green did not testify that the other two fires were caused by arson. (*See* Green Dep.) Derby testified that the fire two doors down from the Property "I guess, was some kind of arson," and that the one occurring two weeks before her deposition "they said, was vacant and that one was arson." (Derby Dep. 19.) Derby claims no personal knowledge, or any other foundation, as a basis for her statements that the other fires were caused by arson.

It is undisputed that whether Andring was responsible for the fire at the Property is a fact of consequence to the determination of this action. (*See* Dkt. 5, Amended Ans., Affirmative Def. 6.)

Allstate contends this evidence is irrelevant without any proof that the fires were caused by arson. (Dkt. 19, Def.'s Br. 2.) That is, evidence of other fires on the same block as the Property does not have any tendency to make it more or less probable that Andring was responsible for the fire at the Property. (*Id.* at 3.)

Lack of proof that the other fires were caused by arson may render evidence of those fires less probative, but not irrelevant. Evidence of two other fires in the same block as the Property, one some months

10

before and one over a year later, has at least some tendency, however minimal, to show that Andring may not have been responsible for the fire. The occurrence of the fires may give rise to the inferences that (1) those fires were not accidental, and (2) they may have been related to each other – that is, set by the same person or persons. Rule 401 thus does not bar admission of evidence of or reference to other fires in the same neighborhood as the Property.

### B. Rule 403

Andring faces a greater obstacle in Rule 403, which provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In applying Rule 403, courts "must look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *U.S. v. Zipkin,* 729 F.2d 384, 390 (6th Cir. 1984). "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative value of the evidence; rather, it refers to evidence which tends to suggest

11

decision on an improper basis." *U.S. v. Schrock,* 855 F.2d 327, 335 (6th Cir. 1998) (citation and internal quotation marks omitted).

Allstate contends that the only evidence regarding the other fires in the neighborhood of the Property is the testimony that the fires occurred. (Dkt. 19, Def.'s Br. 4.) In Allstate's view, this evidence has minimal probative value: absent proof of arson or of other factual similarities to the fire at the Property, evidence of the other fires only helps prove that those other fires occurred, and nothing more. (*Id.*) Moreover, the minimal probative value of the evidence of other fires would confuse the jury and require the Court to hold "mini-trials" to establish the facts regarding the other fires. (*Id.* at 5.)

Andring argues in response only that Allstate has no evidence of Andring's involvement in the fire and is simply trying to avoid payment on Andring's claim. (Dkt. 27, Pl.'s Resp. 5.) True or not, this argument has no bearing on the probative value or the prejudicial effect of the evidence of the other fires.

As discussed above, the fact that three fires occurred somewhat close to each other in time and location has some probative value

12

beyond the simple fact of occurrence. But that probative value is minimal without any evidence of similarities between the other fires and the fire at the Property, or that the other fires were caused by arson. The risk of unfair prejudice is correspondingly high: a jury might conclude Andring was not responsible for the fire at the Property, based on the unsupported assumption that the other fires were caused by arson.

The probative value of the testimony regarding other fires is thus substantially outweighed by its prejudicial effect. Allstate's motion will be granted on that basis. The Court accordingly need not address Allstate's Rule 404(b) argument.

## IV.  Allstate's Motion to Lead the Proofs at Trial (Dkt. 20)

Andring concurs in Allstate's Motion to Lead the Proofs at Trial. The motion will therefore be granted.

## V.  Conclusion

Accordingly, Allstate's Motion to Preclude Evidence or Testimony of the Lack of Criminal Prosecution (Dkt. 17) is GRANTED;

Allstate's Motion to Bifurcate the Trial (Dkt. 18) is DENIED;

Allstate's Motion to Preclude Evidence of or Reference to Other Fires (Dkt. 19) is GRANTED; and

Allstate's Motion to Lead the Proofs at Trial (Dkt. 20) is GRANTED.

IT IS SO ORDERED.

Dated: February 20, 2015  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 20, 2015.

   s/Felicia M. Moses
   FELICIA M. MOSES
   Case Manager